

Jeremy Daniel Ivanovskis, Pro Se
4317 Lavaca Drive
Plano, Texas 75074
Tel. 972-358-4994
E-Mail: jeremyivanovskis@protonmail.com

**FILED**

JUN 0 8 2023

Clerk, U.S. District Court
Eastern District of Texas

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# SHERMAN DIVISION

| | |
|---|---|
| Jeremy Daniel Ivanovskis, Pro Se<br>4317 Lavaca Drive<br>Plano, Texas 75074<br><br>        Plaintiff,<br>vs.<br><br>Federal Bureau of Investigation<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535-0001<br><br>        Defendant. | Case No.: 4:23-cv-531 SDJ/CAN<br><br>Access Suit Complaint<br>Privacy Act, 5 U.S.C. §552a<br>(Records maintained on individuals). |

## COMPLAINT FOR JUDICIAL REVIEW

1.    Plaintiff Pro Se, Jeremy Daniel Ivanovskis, brings this

action against the Federal Bureau of Investigation (FBI) seeking

judicial review to redress the FBI's non-compliance with the Privacy

Act, 5 U.S.C. §552a, specifically, with respect to Plaintiff's long-

pending FOIPA records request pertaining to the FBI's ad-hoc visit

to his residence on September 30, 2021.

COMPLAINT PAGE 1

## I.  JURISDICTION

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. §552a(d)(1); §552a(g)(1)(B) ("Access Suits"); 5 U.S.C. §552a(g)(3)(B), 5 U.S.C. §552(a)(4)(B); and 28 U.S.C. §1331 (Federal question).

## II.  VENUE

3.    Venue is proper as the complainant resides in the district where this suit is brought, 5 U.S.C. §552a(g)(1)(B); 5 U.S.C. §552(a)(4)(B); 28 U.S.C. §1391 (Venue generally); and 28 U.S.C. §1654 (Appearance personally).

## III.  PARTIES

4.    Plaintiff Pro Se, Jeremy Daniel Ivanovskis, ("Plaintiff"), is a United States Citizen who, at all times relevant herein, has resided in Plano, Collin County, Texas, 75074.

5.    Defendant, FBI, is a federal "agency" of the United States under the meaning of 5 U.S.C. §552(f)(1). FBI is in possession of responsive agency records, which is subject to the Privacy Act ("FOIPA"). The FBI address is 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

COMPLAINT PAGE 2

# IV.  **INTRODUCTION**

6.    There have been concerning reports about FBI FISA abuse, efforts to suppress speech (i.e., "Twitter files"), meddle in elections, harass, and even raid the homes of parents who were vocal at school board meetings across the United States.

7.    On February 9, 2023, former and retired FBI agents testified as FBI whistleblowers before the House Judiciary Committee Select subcommittee on the Weaponization of the Federal Government.[1]

8.    Former FBI Agent Nicole Parker began her testimony[2] with an "Opening Statement"[3] with Plaintiff emphasized excerpts below:

"….The FBI became politically weaponized, starting from the top in Washington trickling down to the field offices…..It's as

---

[1] (House hearing on the Weaponization of the Federal Government, 118th Congress, 1st. Sess. 2023. https://judiciary.house.gov/committee-activity/hearings/hearing-weaponization-federal-government )

[2] (House Hearing on the Weaponization of the Federal Government, 118th Congress, 1st Sess. 2023. Nicole Parker testimony, 2023, p. 1-24). https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/evo-media-document/writtentestimonycongressionalhearing.pdf)

[3] (House hearing on the Weaponization of the Federal Government, 118th Congress, 1st. Sess. 2023. Nicole Parker Opening Statement. https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/evo-media-document/parker-testimony.pdf )

if there became two FBI's. Americans see this, and it is
destroying the Bureau's credibility, causing Americans to
lose faith in the agency and therefore the hardworking and
highly ethical agents who still do the heavy-lifting and pursue
noble cases....For me, distancing myself from egregious mistakes,
immoral behavior, politically charged actions taken by a small
but destructive few FBI employees became exhausting...... I held
out as long as I could hoping things would improve. But finally, I
knew. It was time to go..... (Nicole Parker, "Opening Statement"
of testimony, 9 Mar. 2023, p. 2)

9.    In her oral testimony, Nicole Parker stated the following

with Plaintiff emphasized quote excerpts below:

"Over the last couple of years some agents were concerned
that they were being asked to go out and investigate individuals
on a certain end of the political spectrum who did not appear to
have violated any laws while exercising their first amendment
rights. The agents were not comfortable with what they were
being tasked to do and were concerned that they could be liable in
civil lawsuits because of these actions. [Parker testimony, 2023.
p. 4].....Many Americans have lost trust in the FBI. That is not
good [Parker testimony, 2023, p 9].... Many conservatives or
politically right leaning individuals feel the FBI is no longer
there to protect them but instead to come after them. That is not
good for this nation." (Nicole Parker, 2023, oral testimony, p.9)

10.    Parker concluded her oral testimony with:

"I genuinely loved being an FBI Special Agent until things
changed so drastically that it was no longer what I had signed up
for. The FBI's mistakes started costing peoples' lives. I pray the
FBI can be strengthened and regain the trust and respect and
admiration of its employees and most importantly the American
people." (Nicole Parker, 2023. oral testimony, p. 24)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11.   On February 9, 2023, retired Special Agent Thomas J. Baker submitted a prepared statement[4] along with his oral testimony. Plaintiff emphasized excerpts below.

"Americans have lost faith in the Federal Bureau of Investigation, an institution they once regarded as the world's greatest law enforcement agency. I spent many years with the FBI, and am deeply troubled by this loss of faith. [Baker, 2023. p. 1].....The Department of Justice Inspector General's reports a pattern of deliberate omissions, misstatements, and outright falsifications by different investigative teams. This widespread behavior describes a culture–not just the work of a 'few bad apples.' [Baker, 2023. p. 1].....To understand how far the Bureau has fallen, I ask you to look at the good role played by the FBI and FBI agents in past decades. I hope I can impress upon you - from my firsthand experience - the reverence the Bureau had for the Constitution and the concern agents held for the rights of Americans. It was once the norm. [Baker, 2023. p. 1].......That change in culture is at the root of so much of the alarming FBI behavior we have witnessed in recent years. In a law enforcement culture one's mindset is such that we look towards that day when one has to stand up in court, raise your right hand, and swear to tell the truth, the whole truth, and nothing but the truth. While an intelligence agency uses deceit and deception and has as its end product an estimate – some would say a best guess – guesses aren't allowed in the courtroom." (Baker, 2023. p. 2)

---

[4] (House Hearing on the Weaponization of the Federal Government, 118th Congress, 1st Sess, 2023. "Prepared Statement for the record by Thomas J. Baker, retired FBI Special Agent and the author of The Fall of the FBI; How a Once Great Agency Became a Threat to Democracy" https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/evo-media-document/baker-testimony.pdf )

## V.   <u>STATEMENT OF FACTS (BACKGROUND)</u>

12.    Beginning in August 2020 and lasting up to September 30, 2021, Plaintiff met regularly in a small, local political circle in Collin County, Texas where he made it known that he was exploring the feasibility ("testing the waters" [5]) of becoming a candidate for the U.S. House of Representatives in the March 1, 2022 Texas Congressional District primary race.

13.    On January 1, 2021, Plaintiff emailed his then sitting U.S. Representative and urged him to object to the electoral count in a joint session of Congress. A transcribed copy of that email is below:

> a. "J6 Congressman Taylor, I left two (2) voice mail messages for 'Emma,' and have not yet received a reply so I hope you receive this message in a timely matter and urgently ACT as OUR CONSTITUTIONAL REPUBLIC, OUR FREEDOM, and OUR LIBERTY are on the line from a globalist tyrannical subversion. I ask you IMMEDIATELY join and sign on with other fellow PATRIOT Texas Congressmen Gohmert, Gooden, and more than 100 other U.S. House reps and OBJECT to Biden Electoral Votes. Now is not the time to remain passive, silent or worry about upsetting the Collin County GOP status quo. COLLIN COUNTY PATRIOTS are behind President Trump, the Constitution and the U.S. Military. If you value your FREEDOM

------------------------------

[5] (Garr, David. United States, Federal Election Commission. "Testing the waters for possible candidacy." 5 Mar. 2019. https://www.fec.gov/updates/testing-the-waters-for-possible-candidacy-2019/)

COMPLAINT PAGE 6

and the hard working middle class PATRIOT constituents who you represent, you will step up and answer the call to DEFEND THE CONSTITUTION against all enemies foreign and domestic. I might be in Washington D.C. on January 6 and though you'll be in a joint session of Congress, I'll be outside amongst a large group of freedom-loving AMERICANS outside summoned by President Trump to-defend our Nation's Capitol. Respectfully submitted, Jeremy Ivanovskis 972-358-4994 "

14.    On January 6, 2021, Plaintiff did not attend the President's speech at the ellipse in Washington, D.C. and remained in Plano, Texas. Furthermore, Plaintiff isn't associated with anyone involved in any of the criminal offenses committed on January 6, 2021. Plaintiff is not a member of, nor has he ever been associated with any person, any [fringe] subversive "militia" or "patriot group," entity, or organization referred to as the "ProudBoys," or "OathKeepers." In fact, during the 2020 – 2021 Texas "stay-at-home orders," Plaintiff did not even attend any of the DFW area "Open Texas rallies" headlined by then Texas Gubernatorial candidates.

15.    In March 2021, Plaintiff reluctantly began attending major party-sponsored events and rallies hosted at local churches, restaurants, a private home in Frisco, Texas, and an unaffiliated three-day religious conference in Broken Arrow, Oklahoma. At the

DFW-area sponsored events were current and former members of

Congress and candidates for local races. Plaintiff vocally expressed

that he had a sincere interest in running for the U.S. House of

Representatives in a Texas Congressional District primary race as an

"outside-the-local-establishment" candidate. At that time, Plaintiff

had no mainstream online social media profile or persona (i.e.,

Facebook, Twitter) aside LinkedIn, which Plaintiff has since

deactivated it for lack of practicality.

16.    In May 2021, at the start to the political season, Plaintiff

sent FBI an eFOIPA request for "all the records the FBI maintained

on him other than his Texas Peace Officer fingerprint stock cards."

Plaintiff served over 10 plus years, in good-standing, as a sworn

Peace Officer. FBI acknowledged receipt of his May 2021 eFOIPA

request and assigned it Request No. 1499048-000.

17.    In a June 23, 2021 dated letter, the FBI responded to

Plaintiff's May 2021 FOIPA request in-part with the following:

> a. "Dear Mr. Ivanovskis, This is in response to your
> Freedom of Information/Privacy Acts (FOIPA) request.
> Based on the information you provided, we conducted a
> search of the places reasonably expected to have records.

However, we were unable to identify records responsive to your request. Therefore, your request is being closed."

18.    It is unknown if this was a "Glomar" response or denial.

19.    On September 30, 2021, only weeks before his filing deadline to be on the Federal ballot in Texas as a bona fide Congressional primary candidate, Plaintiff's residence in Plano, Collin County, Texas, was visited by two (2) FBI agents, later found to be "domestic terrorism investigators," who would also not disclose the intent of their visit. Although Plaintiff wasn't at home when FBI agents arrived, they left a hand-written, torn-off piece of wide-rule [tablet] notebook paper with their name, agency, title and a phone number for him to call, in-lieu of leaving an official FBI business card.

20.    On November 24, 2021, still alarmed by the FBI's visit only month prior, Plaintiff sent the FBI an eFOIPA request for all the records related to their isolated, single day event.

a. "Hi, I'm writing to obtain all information as it pertains to the bureau's in-person visit to my place of residence by FBI Special Agent Hightower, and all others, of the Frisco or Dallas, Texas FBI Field Office(s) on September 30, 2021. This request includes, but is not limited to, the scope, nature, origin, and depth of any complaint, inquiry or accusation; the complainant's identify, the reporting party's identify or any involved organization's identity, any other persons or any other thing

involved; the specific reason for the FBI's attempted contact, the scope, depth, length and purpose for the contact (includes prior to, during and post attempted contact), and field notes created or obtained by the agents or the bureau, and any and all video or audio information records on any format and/or stored in any file, or records management systems maintained by the FBI, or the U.S. Government as it relates to this event including anything of a confidential nature. I was not there when agents arrived, but it was communicated to me that SA Hightower left a piece of wide rule paper with his handwritten agency, title, last name and cell phone number for me to call in lieu of an official business card. Upon returning home, I called SA Hightower at the phone number listed and briefly spoke to him, but he refused to provide me any specific information other than FBI received a tip, that he would like my help, that it would only take a few minutes, that I was 'not in trouble,' and that I was not being accused or investigated for a violent felony. Agent Hightower insisted that I provide him my driver's license before he would speak to me, but refused when I consented to to meet with him in a public place. I declined his offer to meet him a secured environment at the Frisco office. An attorney called Agent Hightower on my behalf and requested the same information. The attorney called me back and said Agent Hightower didn't provide him any information either either and told him the FBI would have no further contact with me. Thank you for your time and consideration."

21.    Plaintiff, not wishing to make his FOIPA request a "political one," asked for expedited processing citing "professional, future employment purposes" and he was willing to pay up to a $500.00 (FIVE HUNDRED) dollar fee. The FBI acknowledged receipt and assigned it Request No. 1510657-000 ("September 30, 2021, In-Person visit").

22.    Plaintiff's FBI FOIPA request, Request No. 1510657-000, has not changed on the FBI's "Vault" since December 1, 2021.[6]

23.    In a November 30, 2021 dated letter, FBI explained that Plaintiff's expedited request didn't meet the statutory requirements of 28 C.F.R. §16.5(e)(1)(i-iv) ("Timing of responses to requests."):

a. "Dear Mr. Ivanovskis: This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request. Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations: "

b. "28 C.F .R. §16.5 (e)(1)(i): "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

c. "28 C.F.R. §16.5 (e)(1)(ii): "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

d. "28 C.F.R. §16.5 (e)(1)(iii): "The loss of substantial due process of rights."

e. "28 C.F.R. §16.5 (e)(1)(iv): 'A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence.' "

---

[6] ("Check Status of Your FOIA Request," FBI Records: The Vault, https://vault.fbi.gov/fdps-1/search-fdps?foipa=1510657-000 )

COMPLAINT PAGE 11

f. "You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied. For questions regarding our determinations, visit the www.fbi.gov/foia website under Contact Us. The FOIPA Request number listed above has been assigned to your request."

24.    To reiterate to the Court, prior to his Federal candidacy, Plaintiff had no mainstream social media profile or online persona other than a LinkedIn account, which he has since deactivated for lack of practicality.

25.    On March 22, 2022, three weeks after losing a Congressional District primary race, Plaintiff emailed the FBI Public Information Officer (PIO) asking why his FOIPA request hadn't been processed.

26.    On March 23, 2022, the FBI PIO replied the following:

a. "Good morning, Thank you for your inquiry regarding the status of your Freedom of Information Act/Privacy (FOIPA) request. A review of your request has determined the following: The request is presently awaiting assignment to a Disclosure analyst who will then review the records to determine if any redactions are required pursuant to subsections of Title 5, U. S. Code, Section 552 and 552a. You may check the status of your request online at http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request' link. Online status reports are updated weekly. Requests are processed in the order in which they are received through our multi-track processing system. Requests are divided into two primary tracks--simple (under 50 pages of potentially responsive documents) and complex (over 50 pages of potentially responsive documents). Complex requests are further divided into medium, large, and extra-large sub-tracks

based upon request size. Simple track requests typically require the least amount of time to process. Currently, simple track cases average approximately 111 days from the date of receipt for processing. Our complex requests in the medium processing track are currently averaging 895 days, large processing track are currently averaging approximately 1,929 days, and extra-large processing track are currently averaging 2,360 days for processing. Your request is currently in the complex request medium processing track, and the estimated date of completion for your request is May 2024. If your request is considered a complex track, considering reducing the scope of your request may accelerate the process as it could potentially place your request in a quicker processing track. This may also reduce any search and duplication costs, if applicable, and allow for a more timely receipt of your information. If you wish to discuss reducing the scope of your request, please indicate so and a representative will be in contact. Respectfully, Public Information Officer FBI - Information Management Division 200 Constitution Drive Winchester, VA 22602 O: (540) 868-4593 E: foipaquestions@fbi.gov."

27.    On September 23, 2022, after patiently waiting for the FBI to "act in good faith," and process his FOIPA request, Plaintiff filed an administrative appeal with the DOJ component, the Office of Information Policy (OIP), and explained that he was a former Congressional primary candidate, and wanted everything of a confidential nature, even if embarrassing to his reputation related to FOIPA Request No.1510657-000. ["September 30, 2021, In-Person visit"].

COMPLAINT PAGE 13

28.    On October 12, 2022, the OIP, through the Director of Public Affairs, denied Plaintiff's administrative appeal, stating that his plea for an expedited response "did not meet DOJ policy and regulation 28 C.F.R. §16.5(e)(1)(iv) (2021) which states:"

a. "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

29.    On March 17, 2023, Plaintiff sought the assistance [i.e., "help with a Federal agency"] of his U.S. Representative's office by submitting a 'Digital Privacy Release' form accompanied with FBI correspondence as part of a formal "Congressional inquiry" into his stalled FOIPA dispute with the FBI.

30.    On April 17, 2023, Plaintiff was notified of the FBI's response to a congressional inquiry with the following:

a. "Potentially responsive records were located and the case is currently awaiting assignment to a Government Information Specialist (GIS) for processing under the provisions of the FOIPA. All requests are processed on a first in, first out (FIFO) basis relative to the size of the request. As such, based on Mr. Ivanovskis's FIFO position, the estimated date of completion is November 2024. Mr. Ivanovskis may elect to narrow the scope of his request to place it into a smaller potentially faster processing track."

COMPLAINT PAGE 14

31.   Coincidentally, after the formal Congressional inquiry, FBI pushed their estimated completion date of May 2024 to November 2024, which is well after the next Congressional District primary election to be held on March 5, 2024.

32.   Despite a congressional inquiry, the FBI has still not contacted Plaintiff to discuss how he could specifically limit the scope of his FOIPA request pertaining to a single-day event involving the Frisco FBI.

33.   The FBI has neither produced responsive agency records nor invoked any FOIPA exemptions or exclusions related to the requested records.

34.   On May 12, 2023, the Special Counsel submitted his findings to the U.S. Attorney General.[7]  The Special Counsel's findings mentioned FBI decision-making and possible reforms with political-based investigations.

---

[7] ("Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns," U.S. Department of Justice, 2023. https://www.justice.gov/storage/durhamreport.pdf )

COMPLAINT PAGE 15

35.    On May 18, 2023, before the House Select Subcommittee on the Weaponization of the Federal Government, three more FBI whistleblowers testified of abuses at the FBI and how the FBI has retaliated against whistleblowers.[8]

36.    Incidentally, on May 21, 2023, Plaintiff discovered an unauthorized Facebook account ("URL" link[9]) using his name.[10]  The impersonation account includes a link to Plaintiff's 2022 candidate campaign site, what appears to be an "active" Facebook messenger (text) link with Plaintiff's biography from his 2022 campaign site. Plaintiff searched his Facebook Activity Log for any entries he on March 23, 2023 and it does not appear to have been self-initiated.

_____

[8] (House Hearing on the Weaponization of the Federal Government, 118th Congress, 1st. Sess., (2023). https://judiciary.house.gov/committee-activity/hearings/hearing-weaponization-federal-government-2 )

[9] ("Jeremy Ivanovskis – Digital Creator," [fraudulent] Facebook URL links, Online Impersonation  https://www.facebook.com/121914284185011/; https://www.facebook.com/Jeremy-Ivanovskis-121914284185011)

[10] ("PENAL CODE, TITLE 7. OFFENSES AGAINST PROPERTY. CHAPTER 33 COMPUTER CRIMES, Sec. §33.07. ONLINE IMPERSONATION." Texas Legislature Online https://statutes.capitol.texas.gov/Docs/PE/htm/PE.33.htm#33.07)

37.    On May 30, 2023, Plaintiff notified the Plano, Texas Police Department ("Plano PD") of the unauthorized [fraudulent] Facebook account and Plaintiff was provided Plano Police file No. 23-105923. To date, Plaintiff has been unsuccessful in his efforts at getting Facebook to remove the unauthorized impersonation link.

38.    Plaintiff has exhausted all of administrative remedies prior to seeking judicial review.

## VI.    CAUSE OF ACTION

## COUNT 1: NON-COMPLIANCE WITH PRIVACY ACT, 5 U.S.C. §552a (Records maintained on individuals.)

39.    FBI has improperly withheld all non-exempt responsive agency records requested on November 24, 2021, related to the FBI's ad-hoc at-home visit on the morning of September 30, 2021.

40.     FBI will continue to improperly withhold all non-exempt responsive agency records despite an absence of any invoked FOIPA exemption or exclusion to the contrary.[11]

41.     Unless enjoined by this Court, the FBI will continue to improperly withhold all of the non-exempt records until well after the next Congressional District primary election on March 5, 2024.

42.     Plaintiff is adversely affected by the FBI's improper withholding of responsive agency records. As a former commissioned Texas Peace Officer, any negative finding, statement, notation, comment, opinion, an "untrue or malicious accusation," a "frivolous or anonymous tip," or even a "perceived political vindictive," if discovered in the routine course of a law enforcement applicant's background investigation, will undoubtedly irreparably harm and adversely affect Plaintiff's suitability to be re-commissioned as a Texas Peace Officer; 5 U.S.C. §552a(g)(1)(D).

_____

[11] (U.S. Department of Justice "Overview of the Privacy Act 2020 edition, Individual's Right of Access, last modified October 2022) https://www.justice.gov/opcl/overview-privacy-act-1974-2020-edition/access )

43.    In retrospect, and in light of the recent politicized events (i.e., FBI whistleblowers, a newly released Durham report, a raid on a former President's home), Plaintiff argues that his FOIPA records are "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity that affect public confidence." All of the aforementioned facts are not just mere coincidence, random, or isolated events when taken in their totality of the current politicized environment in the United States.

## VII.  **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

44.    Enjoin the FBI from further withholding all non-exempt responsive agency records pursuant to 5 U.S.C. §552a(g)(3)(A);

45.    Order the FBI to search all indices including but not limited to: "ACS, CRS, ELSUR, General Index, and Sentinel" for records;

46.    Order the FBI to produce requested records as no FOIPA exemptions or exclusions apply, U.S.C. §552a(g)(1)(D);

47.    Determine the matter de novo per 5 U.S.C §552a(g)(1)(3)(A); and 5 U.S.C. §552(a)(4)(B);

COMPLAINT PAGE 19

48.    Examine FBI's responsive agency records in camera to determine whether records shall be withheld by exemption or exclusion; 5 U.S.C. §552a(g)(1)(3)(A);

49.    Require the FBI to demonstrate it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIPA request and appeals; and to the extent that FBI may seek to invoke any applicable FOIPA exemptions or exclusions, Plaintiff is entitled to an order compelling the FBI to produce sufficiently detailed ["Vaughn"] affidavits or declarations justifying any attempted withholding of responsive agency records as the burden is on the agency (FBI) to sustain its action.

## VIII.   ATTEMPT TO SECURE COUNSEL

Please answer the following concerning your attempt to secure counsel.

A.    In the preparation of this suit, I have attempted to secure the aid of an attorney as follows (circle one):

1.    Employ  Counsel

2.    Court – Appointed Counsel

3.    Lawyer Referral Service of the State Bar of Texas,

COMPLAINT PAGE 20

P.O. Box 12487, Austin, Texas 78711.

B. List the names(s) and address(es) of the attorney(s):

1. Michael Wynne, 707 W. Washington St., Sherman, TX 75092

2. Eric N. Robertson, 3141 Hood St., Suite 400, Dallas, TX 75219

3. Bob Gorsky, 12001 N. Central Expy, Ste. 650, Dallas, TX 75243

4. Richard B. Roper III., 1722 Routh St. #1500, Dallas, TX 75201

5. Mark Oppel, 6720 Vaught Ranch Road #140, Austin, TX 78730

6. Lu Pham, 505 Pecan Street, #200, Fort Worth, TX 76102

7. TMPA, 6200 La Calma Drive, #200, Austin, TX 78752

8. Legal Aid of NW TX, 901 N. McDonald, #702, McKinney, TX 75069.

C.  Results of the conference with counsel:

1. Plaintiff received emailed letter that said, "After a careful review of the information provided, we cannot represent you in connection with the referenced matter. This does not mean that this case necessarily lacks merit."

2. Attorney advised that he doesn't handle FOIPA cases.

3. Attorney advised that he doesn't handle FOIPA cases.

4. Attorney showed initial interest. Per counsel's request, Plaintiff emailed him all of the FOIPA-related documents and FBI correspondence and even spoke briefly to counsel by phone. After that, Plaintiff made repeated email and telephone attempts for a definitive answer but never heard back.

5. Plaintiff emailed his FOIPA-related documents and had numerous telephone conversations before the prospective counsel sent him a text message saying, "After a lot of thought and research on my ethical requirements, I'm not able to represent you."

6. Attorney referred Plaintiff to another attorney in Richardson, Texas who never returned Plaintiff's call.

7. TMPA referred Plaintiff to Bob Gorski (#3), who said he doesn't handle or know anyone who handles FOIPA litigation.

8. Legal Aid advised Plaintiff they only handle low-income clients.

Dated this 8th day of June, 2023.

Jeremy Daniel Ivanovskis, Pro Se

COMPLAINT PAGE 22

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.