UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| JEREMY DANIEL IVANOVSKIS, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 23-cv-531 (SDJ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant the Federal Bureau of Investigation ("FBI") files this Response in Opposition to Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge (the "Objection").

## INTRODUCTION

This case arises out of a FOIA/Privacy Act ("FOIPA") request Plaintiff Jeremy Ivanovskis (hereinafter "Plaintiff" or "Ivanovskis") made to the FBI on November 21, 2021, seeking information about FBI agents' visit to his home on September 30, 2021. ECF No. 22-1, p. 50.

On September 28, 2023, the FBI made a release of records to Plaintiff, advising that 178 pages of records were reviewed, and 58 pages of records were being released in full or in part, with certain information exempted. ECF No. 22-1, p. 1, ¶ 18. On July 9, 2024, the FBI made a supplemental release of records advising that one page of records was reviewed, and one page of records was released in part, with certain information exempted. *Id.* at 7, ¶ 19.

On June 8, 2023, Plaintiff filed this case challenging the agency's response to his FOIPA request. The FBI filed its motion for summary judgment on July 17, 2024, showing its searches for records to Plaintiff's FOIPA request were reasonable, its withholdings under each exemption were proper, and that it complied with all segregability obligations. ECF No. 22. Plaintiff filed his response in opposition and cross motion for summary judgment on August 20, 2024. ECF No. 25. The motions were fully briefed as of September 23, 2024. On March 10, 2025, Magistrate Judge Durrett entered a Report and Recommendation (the "R&R") recommending the FBI's Motion for Summary Judgment, that Plaintiff's Motion for Partial Summary Judgment be denied, and that Plaintiff's claims be dismissed with prejudice. ECF No. 29. On March 24, 2025, Plaintiff filed the Objection. ECF No. 30.

## ARGUMENT

The Court should overrule Plaintiff's Objection and adopt the well-reasoned R&R. Plaintiff identifies three bases for the Objection. ECF No. 30, ¶¶ 2-4. Plaintiff argues that the "most significant error" is that the Court improperly accepted the FBI's search as adequate when disputed fact issues should have precluded granting the FBI's motion for summary judgment. ECF No. 30, ¶ 2. Plaintiff's second argument is that the R&R improperly decided that the FBI acted in good faith. *Id.* ¶ 3. Again, Plaintiff argues that disputed fact issues should have precluded judgment in favor of the FBI on this issue. *Id.* Finally, Plaintiff argues the R&R should be rejected because "newly discovered evidence" shows that the FBI was "weaponized" against Plaintiff. *Id.* ¶ 4.

Despite being almost twice the number of pages allowed by the Local Rules, the Objection fails to establish a convincing factual or legal basis to reject the R&R. Plaintiff's objections lack merit and after even cursory review it becomes clear that, the essence of the Objection is that the

Magistrate Judge is wrong because she was wrong. This is not a basis to reject the R&R, which should be adopted in its entirety.

I.   **The Objection violates the Local Rules.**

Although timely filed, Plaintiff's Objection exceeds the page limits set forth in the Local Rules. Local Rule CV-72 provides "[o]bjections to reports and recommendations and any response to shall not exceed eight pages. No further briefing is allowed absent leave of Court. Local Rule CV-72(c). At fourteen (14) pages, the Objection is almost twice the length permitted by the Local Rules. ECF No. 30. Plaintiff neither sought nor obtained leave to exceed the page limits established by the Local Rules.

II.  **The R&R did not improperly resolve questions of fact or fail to draw inferences in Plaintiff's favor**

In the Objection, Plaintiff consistently criticizes the R&R for inappropriately resolving factual disputes, *see* ECF No. 30, ¶¶ 2, 3, 31, 32, 33, and for failing to draw inferences in Plaintiff's favor, *id.*, ¶¶ 2, 3, 10. But Plaintiff's argument appears to be based solely on the fact that the Court disagreed with him. This is not sufficient. Moreover, despite filing an Objection that is almost double the page limit set forth in the Local Rules, Plaintiff fails to identify any disputed factual issues. Plaintiff argues, "Here the Magistrate Judge errs by recommending summary judgment while deciding issues of facts that are disputed by Plaintiff Jeremy Ivanovskis, including [_____]." ECF No. 30, ¶ 32. Given that even Plaintiff cannot identify any factual disputes that were wrongly decided, Plaintiff's objection should be overruled.

III. **Executive Order 14147 is not new evidence of bad faith.**

Plaintiff also objects to the R&R's conclusion that the agency conducted a reasonable search by offering "new evidence of Defendant FBI's bad faith." ECF No. 30, ¶¶ 11–16. In support of the Objection, Plaintiff argues that the January 20, 2025 Executive Order titled "Ending the

Weaponization of the Federal Government," constitutes new evidence of bad faith. EO14147 clearly lacks any relevance to these proceedings as it does not address the FBI's search for documents in response to Plaintiff's FOIPA request. *See* ECF 29, at 11–13 (discussing good faith in the context of the FBI's search for documents). Tacitly recognizing the lack of relevance to the issues before the Court, Plaintiff attempts to reframe the issue to cast himself as a victim of weaponization of the government because he was a candidate for Republican nominee for U.S. Congress, Texas 3rd District and therefore "was a 'political opponent' of the Democratic Biden administration and he was 'targeted' as President Trump has recognized." ECF No. 30, ¶ 12.[1] Plaintiff insinuates that the FBI agents' visit to his home on September 30, 2021 were in furtherance of this "weaponization." *Id.* ¶ 30. Of course, Plaintiff fails to offer any evidence to support this assertion. Moreover, September 30, 2021 predates the 2022 Republican Primary and also predates Plaintiff's filing to run for Congress,[2] so even the timeline is inconsistent with Plaintiff's argument. Simply put, EO 14147 is not relevant evidence in this case and does not support a conclusion that the FBI's search for records was conducted in bad faith.

**IV.     The R&R correctly found that *Loper Bright* does not apply in this case.**

In the Objection, Plaintiff argues the Magistrate Judge erred by failing to apply *Loper Bright v. Rainmondo*, 603 U.S. 369 (2024), which overruled the *Chevron* doctrine. ECF No. 30, ¶¶ 7, 17–21. Plaintiff is incorrect. The R&R correctly found that *Loper Bright* is not relevant to

---

[1] Plaintiff was a candidate for the Republican nominee in 2022 and 2024 receiving 1.3% and 1.6% of the vote in those respective elections. *See* https://Ballotpedia.org/Jeremy_Ivanovskis (last visited April 4, 2025). It is, at best, a stretch that the "Democratic Biden administration" would "target" such a fringe candidate.

[2] *See* ECF 22-1, p. 64 ("All I am requesting is … why Frisco, Texas filed agents of the Dallas FBI attempted to contact me at my residences approximately two months prior to my filing to run for the U.S. Congress.").

this case. ECF No. 29, at 33. This is correct. The Defendant did not request, nor did the Court apply, *Chevron* deference in reaching its conclusion. Thus, *Loper Bright* was not relevant to this case and Plaintiff's objection on this ground should be overruled.

V.     **The Magistrate Judge correctly found that the FBI's search was adequate.**

Plaintiff makes multiple challenges to the R&R's conclusion regarding the adequacy of the FBI's search for responsive documents. First, it appears that Plaintiff argues the Magistrate Judge erred by relying on the Seidel Declaration because it did not specifically state that Agent Hightower was interviewed to determine what records he created and whether those records were placed into the FBI's Central Records System ("CRS"). ECF No. 30, ¶¶ 24–25. Plaintiff extrapolates that in doing so, the Magistrate Judge "accepted the unsupported assumptions included in the Seidel Declaration." *Id.* ¶ 25. Not true. As explained in Defendant's Motion for Summary Judgment and in the Seidel Declaration, the CRS is the principal records system searched to locate information responsive to FOIPA requests because it is where the FBI indexes information about individuals, organizations, events, and other subjects of investigations. ECF No. 22, at 6. Plaintiff fails to offer any evidence regarding the existence of potentially responsive documents that were somehow not searchable in CRS. Moreover, the Court addressed that issue in the R&R and concluded that there was "no indication that Agent Hightower was the last person in possession of a particular document that the Defendant has not disclosed. As such Plaintiff's speculation that there may have been additional records which Agent Hightower may have been able to locate does not render the search inadequate." ECF No. 29, at 19–20. In essence, there was no basis to believe that there were documents that could not be located using CRS but would have been found following an interview of Agent Hightower. The Objection does not offer any reasonable argument that this conclusion was in error and instead merely continues to speculate

that there are some phantom documents that did not get entered in the FBI's systems, which Agent Hightower could have identified.

The Objection also argues the Magistrate Judge erred by finding that it was adequate for the FBI to limit its search terms to Plaintiff's name. But the R&R contained a detailed analysis of the reasonableness of the FBI's use of Plaintiff's name as a singular search term. ECF No. 29, at 13–16. Plaintiff's disagreement with this conclusion merely revisits arguments previously made and rejected. His objection should be overruled and the R&R adopted in full.

### VI. The Magistrate Judge properly denied Plaintiff's request for discovery.

Plaintiff also challenges the Magistrate Judge's denial of his request for discovery. But Plaintiff fails to identify any error in the R&R. Instead, Plaintiff has merely copied and pasted from his Amended Response to Defendant's Motion for Summary Judgment. *Compare* ECF 30, ¶ 30, *with* ECF 25 ¶ 38. The Magistrate Judge considered and rejected this argument and Plaintiff fails to offer any argument as to how that conclusion was not correct.

### CONCLUSION

In the R&R the Magistrate Judge correctly recommended granting the FBI's motion for summary judgment, denying Plaintiff's motion for partial summary judgment, and dismissing Plaintiff's claims with prejudice. The Objection fails to establish that the Magistrate Judge made any factual or legal error in reaching these recommendations. As such, the Court should overrule Plaintiff's Objections and adopt the R&R.

Respectfully submitted,

ABE McGLOTHIN, JR.
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney

                                        Texas Bar No. 24065295  
                                        110 N. College Ave., Suite 700  
                                        Tyler, Texas 75702  
                                        Tel: (903) 590-1400  
                                        Fax: (903) 590-1436  
                                        Email:  James.Gillingham@usdoj.gov  
                                        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2025, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to all counsel of record via the court's electronic filing system.

                                        */s/ James Gillingham*  
                                        JAMES GILLINGHAM  
                                        Assistant United States Attorney